RENWICK v. NOGGLE.

1. TRIAL—EJECTMENT—FAILURE TO CHARGE ON MATTERS NOT IN ISSUE NOT ERROR.

Where, in ejectment, it appeared that the true boundary line is east and west, while the lines of occupancy run northeasterly, but there was no showing of old survey, dispute, settlement, mutual mistake, or other reason to account for the divergence from the true line, the trial court did not err in failing to charge on such matters, as there was no issue thereon.

2. BOUNDARIES—ESTABLISHMENT BY ACQUIESCENCE.

Where acquiescence follows the resolving of a doubt as to where the line is or the settlement of a *bona fide* controversy, which settlement agreement contemplates an agreed line, and the monuments of such line are fixed and maintained thereafter, such line so established and acquiesced in is the line, and the acquiescence need not continue for the statutory period; likewise where the line is acquiesced in for the statutory period it is also fixed.

3. SAME—ACQUIESCENCE OF PREDECESSORS MAY BE TACKED.

Acquiescence of predecessors in title may be tacked on that of the parties, and if the whole period of acquiescence exceeds 15 years the line becomes fixed regardless of whether there had been a *bona fide* controversy as to the boundary.

4. APPEAL AND ERROR—QUESTIONS NOT RAISED ON TRIAL NOT CONSIDERED ON REVIEW.

Objections to special questions and to testimony, not having been made at the trial, may not be considered by the Supreme Court.

5. JUDGMENT—EJECTMENT—JUDGMENT IN EJECTMENT AMENDED TO CONFORM TO DECLARATION.

Since verdict and judgment must follow the declaration in ejectment, where the declaration set up two specific descriptions, one at the east and the other at the west end of the disputed strip, the judgment locating the boundary line across the whole length of the strip must be amended to conform to the declaration.

Error to Kent; Brown (William B.), J. Submitted April 11, 1929. (Docket No. 32, Calendar No. 34,249.) Decided June 3, 1929.

Ejectment by Charles A. Renwick and another against William H. Noggle and another. From judgment for defendants, plaintiffs bring error. Affirmed.

*J. Claude Youdan* (*Taggart & Kingston,* of counsel), for plaintiffs.

*Linsey, Shivel & Phelps,* for defendants.

FEAD, J. This is an action of ejectment, involving a boundary dispute. Defendants had verdict of a jury and judgment.

Plaintiffs purchased in 1922, defendants in 1914. Suit was commenced in 1927. Defendants' land adjoined plaintiffs' on the north. Practically without dispute, the testimony was that by means of an old fence on the east side, 10 to 15 rods long, a fence row, hedge row, some trees and shrubbery, a definite line between the premises was established; that for 20 to 25 years the parties and their predecessors in title had cultivated, worked, pastured, and used their respective premises to the line so marked; that none had crossed the line, and during all those years no dispute had arisen, and the neighbors had understood it was the boundary. When plaintiffs purchased, Mr. Renwick understood the fence at the east was on the line. When defendants purchased, Mr. Noggle was informed by Harris, the then owner of the Renwick premises, who purchased in 1901, that the fence, trees, shrubbery, etc., marked the line. Some three or four years ago, Cascade road, which is the western boundary, was improved, and

the land abutting on it became valuable. In 1927 plaintiffs had a survey made, found that the line of occupancy was wrong, and this controversy arose. The true line is east and west, while the lines of occupancy run northeasterly from the road.

There was no showing of old survey, dispute, settlement, mutual mistake, or other reason to account for the divergence from the true line. The court did not err in failing to charge upon such matters, as there was no issue upon them.

The rules for establishment of a boundary line by acquiescence are summarized by Mr. Justice FELLOWS in *Hanlon* v. *Ten Hove,* 235 Mich. 227, 231:

"While acquiescence alone is not a defense, if acquiescence follows the resolving of a doubt as to where the line is or the settlement of a *bona fide* controversy, which settlement agreement contemplates an agreed line, and the monuments of such line are fixed and maintained thereafter, such line so established and acquiesced in is the line, and the acquiescence need not continue for the statutory period; *likewise where the line is acquiesced in for the statutory period it is also fixed.*"

In that case it was held that the acquiescence of predecessors in title can be tacked on that of the parties, and if the whole period of acquiescence exceeds 15 years, the line becomes fixed, regardless of whether there had been a *bona fide* controversy as to the boundary.

The court submitted both the location of the line and the question of acquiescence for the statutory period to the jury under proper instructions. By answer to a special question, the jury found the line to be where defendants claimed it was, and by general verdict resolved both questions in their favor. If error was committed by the court in his general

discussion of boundaries and surveys in the charge, it was harmless. Objections to the special questions and to the testimony, not having been made at the trial, cannot be considered here.

Plaintiffs' declaration set up two specific descriptions, one at the east and the other at the west end of the disputed strip. The judgment as entered located the boundary line across the whole length of the strip. The verdict and judgment must follow the declaration in ejectment. *Bringhurst* v. *Railroad Co.*, 78 Mich. 570. The judgment should be amended to conform to the declaration.

Judgment for defendants for the lands described in the declaration is affirmed, with costs, and the cause is remanded to the circuit court to amend the judgment.

NORTH, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.