GEORGE v. DANIELS.

1. BOUNDARIES—ACQUIESCENCE.
  To establish boundary line by acquiescence, there must exist doubt or dispute as to where line is, and resolving of doubt or composing difference by agreement upon line.

2. SAME.
  Where doubt existed as to location of boundary line, but no showing was made that said doubt had been composed by agreement, tacit or otherwise, boundary by acquiescence has not been established.

Appeal from Branch; Johnson (Clayton C.), J. Submitted January 14, 1931. (Docket No. 131, Calendar No. 35,271.) Decided February 27, 1931.

Bill by William M. George and another against J. E. Daniels and another to enjoin the cutting of a tree near a boundary line. Decree for plaintiffs. Defendant Daniels appeals. Reversed.

*H. H. Palmer,* for plaintiffs.

*Frank C. Sherman* (*Howard W. Cavanagh* and *Walter P. North,* of counsel), for defendant Daniels.

WIEST, J. A large maple tree stands in front of lot 163, of the northern division of the village of Quincy. Lot 163 is at the northeast corner of Chicago and Arnold streets, and defendant's chain of title calls for the west half and the west eight feet in width of the east half of the lot. Plaintiffs' chain of title calls for the east half of the lot, less the mentioned eight feet. Defendant has a gasoline filling station on his lot and the maple tree stands in the way of a suitable approach to his place of business, and, having obtained permission from the village authorities, he was about to remove the tree when plaintiffs filed the bill herein to enjoin him, claiming that the tree is on the division line, if extended into the street, and, therefore, the tree, or at least one-half of it, is in front of their property. A temporary injunction saved the tree, and the suit developed into a division-line controversy. The circuit judge found that the maple tree marked the division line by reason of adverse possession by plaintiffs, and entered decree to such effect, but dismissed the bill as to the village. Defendant Daniels appealed.

The division line has not been established by adverse possession, and the court below was in error in holding that it had been so fixed. The claim of adverse possession by plaintiffs is abandoned in this court.

Has the division line been fixed at the tree by acquiescence? The plat of the northern division of the village, executed and recorded in 1856, gives no dimensions to lot 163, or scale, monuments, metes or bounds, and nothing from which a survey can be made.

Until 1916, there was a common interest in the owners of each part of the lot and no occasion for any controversy over the division line. Defendant purchased in 1927. The record discloses that, instead of the establishment of the division line by acquiescence, there has existed a controversy over the division line. Since plaintiffs purchased in 1916, there has been doubt as to where the division line is, and acts by plaintiffs in accord with their claim that the tree marks the line, but there is no showing that the doubt about the line has been composed by agreement, tacit or otherwise.

We said in *Hanlon* v. *Ten Hove,* 235 Mich. 227 (46 A. L. R. 788):

"We have quite uniformly held that the agreement made the basis of such acquiescence should be one based on a doubt or dispute between the parties as to where the line is and a resolving of the doubt or the composing of their differences by an agreement upon a line."

In the case at bar the doubt existed; there was dispute about the line but never a composing of the dispute by an agreement upon the line. There is a marked difference between title by adverse possession and establishment of a division line by acquiescence; in the one case the possession must have been hostile, and in the other a doubt composed by agreement.

There is no occasion to recite the testimony. We cannot hold that the division line has been fixed by acquiescence.

The bill is dismissed, with costs to defendant.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred. NORTH, J., did not sit.