TOWNSHIP OF FRUITPORT v. BAXTER.

1. MUNICIPAL CORPORATIONS—ZONING—RESIDENCE.
   The object of a residential classification in a zoning ordinance
   and the restricted use prescribed for property in a residential
   area is to maintain that area residential.

2. SAME—ZONING ORDINANCE—CONSTRUCTION.
   A zoning ordinance must be construed with reasonable regard
   to the objects sought to be attained by it.

3. TOWNSHIPS—ZONING ORDINANCE—NONCONFORMING USE—REASON-
   ABLE SUBSTANTIALITY.
   Nonconforming use permitted in residential area by township
   zoning ordinance must be reasonably substantial before the
   effective date of the ordinance in order to be established
   as a nonconforming use under the ordinance, or the object
   of the ordinance will be defeated.

4. SAME—ZONING ORDINANCE—NONCONFORMING USE—EVIDENCE.
   Finding of trial court that act of moving several truckloads
   of used automobile parts onto land for storage before effec-
   tive date of township zoning ordinance was not a reasonably
   substantial nonconforming use, *held*, proper, because a read-
   ing of the record does not persuade the appellate court that
   it must have reached a different result.

5. SAME—ZONING ORDINANCE—VIOLATION—INJUNCTION—FORM.
   Injunctive judgment prohibiting use of land "for a junkyard
   and/or any allied or similar use" *held*, too broad as beyond
   the scope of the ordinance, the plaintiff township's pleadings,
   and the proofs necessitating that language "and/or any
   allied or similar use" be stricken.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Zoning §§ 25, 28–30.
[2]  58 Am Jur, Zoning § 11.
[3, 4]  58 Am Jur, Zoning § 146.
[5]  58 Am Jur, Zoning §§ 188, 190.
[6]  20 Am Jur 2d, Costs §§ 15, 16.

6. Costs—Neither Side Prevailing.

    No costs are allowed on appeal from judgment of trial court enjoining use of land in violation of township zoning ordinance, when judgment is modified by striking part that is too broad, neither party prevailing in full.

    Appeal from Muskegon; Van Domelen (Harold), J., presiding. Submitted January 5, 1967, at Grand Rapids. (Docket No. 1,954.) Decided March 14, 1967.

    Complaint by the Township of Fruitport, a municipal corporation, against Leonard Baxter and Luella M. Baxter to restrain violation of plaintiff's zoning ordinance. Judgment for plaintiff. Defendants appeal. Judgment modified as to form and affirmed.

    *Poppen, Street & Sorensen,* for plaintiff.

    *Hathaway, Latimer, Clink & Robb,* for defendants.

    Quinn, J. Plaintiff filed this action to restrain defendants from using their property in violation of plaintiff's zoning ordinance. Trial of the action resulted in judgment for plaintiff. Defendants appeal and claim the record establishes a nonconforming use prior to the effective date of the ordinance, and if this is not the fact, the trial court erred in the scope of the injunction granted.

    Plaintiff's zoning ordinance became effective August 22, 1959, and defendants' property lies in the area zoned residential. Although the ordinance prohibits the use of property zoned residential for junkyard purposes, it does permit continuance of a nonconforming use existing at the time the ordinance became effective. Shortly before the effective date of the ordinance, defendants moved several truckloads of used automobile parts onto the prem-

ises for storage and now contend this established a nonconforming use. In refusing to adopt this contention, the trial court ruled that to establish a nonconforming use it was essential to show nonconformance in a reasonably substantial manner, and he found that defendants' nonconforming use of the premises prior to the effective date of the ordinance was not in a reasonably substantial manner.

While we have found no Michigan authority sustaining the trial court in its holding that nonconformance must be shown in a reasonably substantial manner, and no such authority has been cited by counsel, we do find such authority elsewhere. See *Mayor and City Council of Baltimore* v. *Shapiro* (1947), 187 Md 623 (51 A2d 273); *Ashline* v. *Bristol Township Zoning Board of Adjustment* (1962), 408 Pa 245 (182 A2d 531). The object of the residential classification in the ordinance before us and the restricted use prescribed for property in the residential area is to maintain that area residential. A reasonable construction with regard to that object (see *Fass* v. *City of Highland Park* [1948], 320 Mich 182) requires that we affirm the trial court's test that to establish a nonconforming use it is essential to show nonconformance in a reasonably substantial manner.

The finding of fact by the trial judge that nonconformance in a reasonably substantial manner was not shown here is not disturbed for the reason that a reading of the record does not persuade us we would have reached a different result had we been the trial judge. *Wait* v. *City of Sturgis* (1966), 2 Mich App 614.

Defendants contend the following language of the judgment: "and said defendants, their agents and employees are specifically enjoined and restrained from using said premises as and for a junkyard

*and/or any allied or similar use,"* is too broad in scope. With this we agree. It is beyond plaintiff's prayer for relief and the proofs in the case. Defendants should only be restrained from using their premises as a junkyard as defined by the ordinance, and the language "and/or any allied or similar use" should be stricken from the judgment.

Affirmed except for the form of judgment. Remanded for amendment of the judgment in accordance with this opinion. No costs allowed, since neither side fully prevailed.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.