WESTGATE *v.* MATHEWS

PROPERTY—TITLE—COLOR OF TITLE—ACTUAL POSSESSION.

· Actual possession of some portion of disputed land is necessary to establish ownership of the disputed land under the doctrine of possession under color of title; title to land cannot be gained simply because it was erroneously included in a claimant's deed.

Appeal from Newaygo, Harold Van Domelen, J. Submitted Division 3 November 9, 1970, at Grand Rapids. (Docket No. 8210.) Decided March 23, 1971.

Complaint by Russell E. Westgate against Erwin M. and Hazel L. Mathews to quiet title. Judgment for defendants. Plaintiff appeals. Affirmed.

*Bergstrom, Slykhouse & Shaw* (by *Robert G. Quinn*), for plaintiff.

*Paul L. Greer* and *Theodore A. Caris,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
42 Am Jur, Property §§ 36, 42, 43.

Before: T. M. BURNS, P. J., and R. B. BURNS and
MUNRO,* JJ.

T. M. BURNS, P. J.   This cause arises out of a
dispute over the ownership of a parcel of land some
54.2 feet wide north and south and 198 feet wide
east and west.   (The disputed area is bordered by
line C—C¹ on the north and D—D¹ on the south on the
attached diagram.)   From a judgment of no cause
entered September 17, 1969, by the court sitting
without a jury, plaintiff appeals.

In 1936, Elmore Westgate, plaintiff's father and
predecessor in title, purchased a piece of land 12
rods square from a Mr. and Mrs. Schmidt.   This
piece of land would be bounded by the lines A—A¹
on the north and C—C¹ on the south on the attached
diagram.   On December 9, 1938, Elmore Westgate
sold this piece of property to his son, the present
plaintiff.   However, the description contained in
the deed included the disputed land to which El-
more Westgate never had title.

On November 3, 1952, Forrest and Mary Waldo
purchased a large parcel of land from Mrs. Schmidt,
her husband then being deceased.   The deed gave
title to land surrounding plaintiff's land, and ex-
cepted only that portion (bounded by A—A¹ and
C—C¹ on the diagram) which the Schmidts had
deeded to plaintiff's father.   The conveyance to the
Waldos thus included the disputed property bound-
ed by C—C¹ and D—D¹ on the diagram.

On June 24, 1967, the Waldos sold a parcel of
land which included the disputed area to the
defendants.   In the fall of 1967, defendants started
construction of a laundromat, part of which was
on the disputed parcel.   Plaintiff, upon learning of
the use defendants were intending for the land

---

* Circuit judge, sitting on the Court of Appeals by assignment.

which he thought to be his, brought this action to quiet title.

Plaintiff alleges title based upon three theories of the law: (1) adverse possession; (2) possession under color of title; and (3) acquiescence in the boundary line by the adjoining property owners for more than 15 years.

1. *Whether plaintiff's acts of ownership over the disputed parcel were of such a character as to meet the requirements necessary to gain title by adverse possession.*

The land to which plaintiff actually has title and is in actual possession of has been used by him and his tenants as a gasoline station since 1958. At the trial plaintiff attempted to show that the disputed land had been used to store junk cars; the taxes had been paid upon the parcel by plaintiff since 1938; and the land was surveyed and stakes set at various times since 1938 evidencing the boundaries to be as plaintiff contends.

Defendants asserted that the land is low and swampy and at times was filled with water and that the junk cars were never stored on the disputed parcel. Based upon all of the conflicting testimony the trial court arrived at the following decision:

"The plaintiff has failed to prove by a preponderance of the evidence that he or his predecessor in title have for any 15-year period had possession of this disputed area in a continuous, visible, notorious manner as to the record title holder. The evidence is devoid of any proof of occupation of any part of the disputed area by plaintiff except for part of an old truck or car extending over the line for a period shorter than 15 years."

The transcript of the trial reveals a great conflict in the testimony. However, the trial court, upon

hearing the testimony and weighing the credibility of the witnesses, found that the plaintiff had not made a visible and hostile use of the disputed land. This Court in *Rose* v. *Fuller* (1970), 21 Mich App 172, held that findings of fact shall not be set aside unless clearly erroneous.[1] The Court went on to state that the findings of fact shall not be disturbed unless, upon a review of the entire record, the reviewing court would have reached a different result.[2] The Supreme Court in *Martin* v. *Arndt* (1959), 356 Mich 128, held that great weight is given to findings of fact, particularly when there is a conflict in the testimony.

Based upon the above authority and our review of the record, which reveals ample evidence to support the trial court's findings, we affirm the trial court's determination that plaintiff had not gained title to the disputed land by adverse possession.

2. *Whether plaintiff gained title to the disputed land by possession under color of title to the land through his 1938 deed.*

Plaintiff argues that since he was in actual possession of the parcel which had been rightfully deeded to him by his father, he was also in constructive possession of the whole parcel deeded to him. Plaintiff contends, therefore, that since he has been in constructive possession of the disputed parcel since 1938, the date of the deed, that he has gained title to the land.

However, plaintiff must be in actual possession of some portion of the disputed land before good title may be gained in this manner. In *Turner* v. *Stephenson* (1888), 72 Mich 409, a similar fact situation was presented to the Supreme Court. In

---

[1] See GCR 1963, 517.1.

[2] *Rose* v. *Fuller, supra,* p 177.

holding that the claimant could not acquire title without being in actual possession of the disputed land the Court stated:

"We cannot see how a man, by simply occupying his own land, the title to which is not disputed, can acquire title to another's land, simply because the deed to the land he occupies covers adjoining land, which he neither owns nor occupies. If so, then the mere recording of a deed would amount constructively to actual possession. The plaintiff in this case, or any other person, is not bound to suppose that a man occupying adjoining land to his own is thereby claiming title to or possession of his premises."[3]

Since we have already found that the trial court was correct in its determination that plaintiff was not in actual possession of the disputed land, we must affirm the trial court's holding that plaintiff could not gain title to the parcel simply because it was erroneously included in his deed.

3. *Whether plaintiff acquired title to the disputed parcel by reason of acquiescence in the boundary line by the adjoining property owners for more than 15 years.*

The trial court found that there was no controversy or dispute over the boundary line between the plaintiff and any of the adjoining owners. While there was testimony which might tend to raise the inference that the prior property owners had acquiesced in the boundary, the finding of the trial court was not against the preponderance of the evidence. There was sufficient evidence to find that the defendants' predecessors in title did not know exactly where the boundary line was, and

---

[3] *Turner* v. *Stephenson, supra,* p 411.

because the parcel was unused and unusable, did not bother to find out where the boundary ran.

The fact that both of defendants' immediate predecessors in title gave deeds which included the disputed parcel seems to repudiate the inference that they had acquiesced to the line south of the disputed area. There was no really persuasive evidence that any boundary other than that described in the original deed to plaintiff's father was contemplated or agreed to by defendants' predecessors in title.

The trial court's finding that there was no acquiescence to a boundary other than that described in defendant's deed has support in the evidence and will not be set aside.[4]

Affirmed.

All concurred.

---

[4] See *Rose* v. *Fuller, supra.*