DE HOLLANDER v HOLWERDA GREENHOUSES

1. QUIETING TITLE—FINDINGS OF FACT—DE NOVO REVIEW—APPEAL
   AND ERROR.

   A suit to quiet title is equitable in nature and subject to *de novo*
   review, but the Court of Appeals gives great weight to the
   findings of fact made by the trial court and will not disturb
   those findings unless convinced that it would have reached a
   different result had it been in the lower court's position (GCR
   1963, 517.1).

2. BOUNDARIES—ESTABLISHMENT—ACQUIESCENCE.

   The doctrine of acquiescence in a boundary line between adjacent
   lots is not applicable where a fence was erected under an
   erroneous impression as to the location of the proper boundary
   line, the erection of the fence was not the product of a bona
   fide controversy as to the location of the boundary, and the
   boundary as established by the fence was not acquiesced in
   after the proper boundary line was determined by a survey.

3. ADVERSE POSSESSION—PERMISSIVE USER.

   Peaceful occupation or use by permission cannot ripen into title
   by adverse possession regardless of the extent of the period.

Appeal from Kent, John T. Letts, J. Submitted
Division 3 January 4, 1973, at Grand Rapids.
(Docket No. 12834.) Decided March 27, 1973.

Complaint by Martha J. De Hollander and oth-
ers against Holwerda Greenhouses and others to
quiet title. Judgment for defendants. Plaintiffs
appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 145.
[2] 12 Am Jur 2d, Boundaries § 88.
[3] 3 Am Jur 2d, Adverse Possession § 1.

*Russell & Ward,* for plaintiffs.

*Warner, Norcross & Judd* (by *John D. Tully),* for defendants.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This appeal involves a dispute over the ownership of a 13-1/2-foot-wide strip of land between adjoining landowners. Each of the plaintiffs own an undivided one-fourth interest in the property to the west of the disputed strip. Defendant partnership, record title holder to the strip in question, owns land to the east of the strip. Defendant John Holwerda is the father of John, Jr., and George Holwerda, who comprise defendant partnership, and is the son of the purchasers of the property. David Potgeter was made a defendant because of his interest as a mortgage holder to the disputed area.

Plaintiff Martha De Hollander filed a notice of claim to the disputed strip on June 5, 1964, asserting to have acquired title by reason of adverse possession. In 1970 plaintiffs commenced this action to quiet title with respect to the disputed strip. Plaintiffs asserted that they had acquired title to the disputed strip either through acquiescence or adverse possession. After testimony had been received and the site had been visited in the presence of counsel, the trial judge rendered his opinion in which he held that plaintiffs had not acquired title to the disputed strip on either of the disputed grounds. Plaintiffs moved for a new trial, which was denied. This appeal followed.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

We would note initially that while a suit to quiet title is equitable in nature and subject to *de novo* review, this Court, nevertheless, gives great weight to the findings of fact made by the trial court, and will not disturb those findings unless convinced that we would have reached a different result had we been in the lower court's position. GCR 1963, 517.1; *Rose v Fuller,* 21 Mich App 172, 177 (1970); *Westgate v Mathews,* 31 Mich App 480, 483 (1971); *Gamble v Hannigan,* 38 Mich App 500, 504 (1972).

I. *Did plaintiffs acquire title to the disputed strip of land by reason of acquiescence in the boundary line?*

The proofs showed that Mr. De Hollander, Sr., plaintiffs' predecessor in title, and one Vanden-Berg, defendants' predecessor in title, erected a fence along the east line of the disputed strip in 1910. There was no proof that this fence was erected as a result of a dispute; in fact, it would appear that it was erected by mutual consent of the parties and at VandenBerg's suggestion. In 1912 George Holwerda, father of John Holwerda, purchased the land previously owned by Vanden-Berg. Shortly after that purchase Holwerda caused a survey to be made. The survey revealed that the above-noted fence was 13-1/2 feet east of the actual property line. Holwerda brought this to the attention of Mr. De Hollander. De Hollander, who had previously spent nine months in a mental institution, when advised of the error, asked that Holwerda not start any trouble, since he already had enough trouble. This request was complied with and the fence thereafter was not maintained

and was allowed to deteriorate to the extent that by the time of trial only remnants of the fence wire could be seen imbedded in the trees.

It is well settled that the doctrine of acquiescence is applicable only when the agreed line is the product of a bona fide controversy as to the boundary, or the line is acquiesced in for the statutory period. *Booker v Wever,* 42 Mich App 368, 373–374 (1972); *Weisenburger v Kirkwood,* 7 Mich App 283 (1967); *Jackson v Deemar,* 373 Mich 22 (1964); *Johnson v Squires,* 344 Mich 687 (1956); *Renwick v Noggle,* 247 Mich 150 (1929); *Hanlon v Ten Hove,* 235 Mich 227 (1926); *Phelps v Brevoort,* 207 Mich 429 (1919).

There is no evidence which would indicate that the erection of the fence in 1910 was the product of a bona fide controversy as to the location of the boundary. Further, the evidence produced herein clearly demonstrates that defendant did not acquiesce after the survey was made in 1912. The evidence, rather, indicates that the fence was erected under the erroneous impression as to the location of the proper boundary line, but was not acquiesced in after the proper boundary line was determined. Such a situation is controlled by the decision of the Supreme Court in *Blank v Ambs,* 260 Mich 589, 592 (1932):

"Where the parties attempt to find the true line and are mutually mistaken, subsequent acquiescence under the mistake of fact does not establish the boundary, at least unless continued for the statutory period."

Under these circumstances we conclude that the trial judge's determination that plaintiffs failed to show "acts sufficient to establish title by acquiescence" was correct.

II. *Did plaintiffs acquire title to the disputed strip of land by reason of adverse possession?*

Plaintiffs also argued that if the disputed strip was not acquired by acquiescence, then it was acquired by adverse possession. Miss Martha De Hollander, who had lived on the De Hollander land since 1905, testified. Miss De Hollander indicated that in 1905 the side porch to the house extended within the disputed strip of land, but in 1907 the porch was removed and placed at the back of the dwelling. Sometime between 1908 and 1910 a shed was constructed which partially encroached upon the disputed strip. This shed was regularly used until about 1940. Miss De Hollander emphasized that certain rose and lilac bushes were located on the north end of the disputed strip, but admitted that she never fertilized them or picked the flowers because they had bugs. She also testified that the only access to her property was by means of a driveway which extended across the northern corner of the disputed strip.

There was controverted testimony as to whether plaintiffs' father had used the disputed strip for farming and grazing of cattle. Miss De Hollander testified that her father had plowed and planted at various times upon the disputed strip and that their cows had been staked out to graze upon the disputed strip. Defendants, on the other hand, testified that neither of these activities took place on the disputed strip, but rather were restricted to the De Hollander land. Similarly, there was conflicting testimony as to the location of a certain asparagus bed. It should also be noted that Miss De Hollander indicated that at some prior time a garage owned by defendants was located on the disputed strip.

Defendants testified that they had used the dis-

puted strip for ingress and egress to the rear portion of the property, that a portion of the disputed strip had been rented for the storage of plumbing supplies, and that certain supplies of lumber had been stored upon the strip at one point. Defendants further indicated that the only claim made to the disputed strip by plaintiffs was the one filed at the register of deeds in 1964. There was also testimony that when the estate of Mr. De Hollander, Sr. was probated in 1956, the inventory by the executor, Miss Martha De Hollander, and the order assigning the residue carried the legal description of the original De Hollander property, but made no mention of the disputed strip.

The elements of adverse possession have been so often delineated that no purpose would be served by repeating them here. See, for instance, *Ennis v Stanley,* 346 Mich 296, 301 (1956). Some mention should, however, be made between the two theories pled in this case. As stated in *George v Daniels,* 253 Mich 293, 295 (1931):

"There is a marked difference between title by adverse possession and establishment of a division line by acquiescence; in the one case the possession must have been hostile, and in the other a doubt composed by agreement."

The trial judge found that the various acts alleged by plaintiffs to have been the basis upon which their claim of adverse possession was founded were merely permissive. The trial court therefore determined that title had not been acquired by adverse possession. The record clearly substantiates the finding of mere permissive use. It must be remembered that constructive possession of the land is in the title holder. *Ennis v Stanley, supra; McVannel v Pure Oil Co,* 262 Mich 518

(1933). Not only did defendants have constructive possession of the land, but the record clearly supports a finding of actual use of the land by defendants. The fact that plaintiffs used portions of the strip is not determinative, since the use was permissive. Peaceful occupation or use by permission cannot ripen into title by adverse possession regardless as to the extent of the period. *Warner v Noble,* 286 Mich 654 (1938); *Burns v Foster,* 348 Mich 8 (1957); *Whitehall Leather Co v Capek,* 4 Mich App 52, 55 (1966).

After a thorough review of the record, we cannot say that had we been sitting as the trial judge we would have been compelled to reach a different result.

Affirmed. Costs to the defendants.

All concurred.