ROCCO BELLOFATTO AND MICHAEL DE PONTE, PROSECU-
TORS, v. BOARD OF ADJUSTMENT OF THE TOWN OF
MONTCLAIR AND THE TOWN OF MONTCLAIR, A MU-
NICIPAL CORPORATION OF THE COUNTY OF ESSEX,
DEFENDANTS.

Submitted February 16, 1928—Decided May 16, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Thomas Brunetto.*

For the defendants, *George S. Harris.*

PER CURIAM.

On June 6th, 1927, the prosecutors applied to the acting
inspector of buildings of the town of Montclair for a permit
to erect a one-story hollow tile building fifteen by twenty feet,
sixteen feet high, to be used as a gasoline service station, on
property owned by them in that town at the southwest corner
of Valley road and Jerome Place.

That application was refused on the ground (which was
true in point of fact) that the zoning ordinance of the town
prohibited such a service station in the zone in which the
property in question was located, except as the same might
be excepted by special exception by the board of adjustment.

The prosecutors thereupon, on the same day, took an ap-
peal to the board of adjustment, and that board, on June
16th, 1927 refused to make an exception in favor of the prose-
cutors and affirmed the decision of the acting inspector of
buildings.

Thereupon, on June 25th, 1927, the prosecutors obtained this writ to review the "decision" of the board.

We think the decision of the board cannot be disturbed.

The powers of the board of adjustment were defined by chapter 146 (*Pamph. L.* 1924, *p.* 324), and chapter 315. *Pamph. L.* 1926, *p.* 526. Thereunder the board had power, among other things, to make special exceptions to, and in specific cases make such variance from, the terms of the ordinance as would not be contrary to public interest, where, owing to special conditions, a literal enforcement would result in unnecessary hardship, and so that the spirit of the ordinance should be observed and substantial justice done; and further, to determine whether the ordinance, so far as it affected the use of the property in question, tended to promote the public morals, health, safety or welfare, and if it did not in such instance, might modify or vary any requirement thereof. The board was also given power to administer oaths and compel attendance of witnesses.

Such board, when it acts, acts judicially on a lawful ascertainment of facts. *Bilt-Wel Co.* v. *Dowling,* 5 *N. J. Mis. R.* 180.

The presumption is that the requirements and regulations of the ordinance are reasonable unless the contrary is shown (*Burg* v. *Ackerman,* 5 *N. J. Mis. R.* 96), and there is a further presumption that the action of the board was right. *Silvester* v. *Princeton,* 5 *N. J. Adv. R.* 1801. It follows, therefore, that the action of the board in refusing to vary or modify the terms of the ordinance will not be disturbed unless its action is shown by lawful evidence to be wrong. *Oxford Construction Co.* v. *Orange, Ibid.* 729.

In the present case the board determined "that the variance requested by the appellants from the terms of the ordinance would, in this case, be contrary to public interest, in that it would tend to further congest traffic at an already dangerous corner and would constitute a fire menace to surrounding residential property, while a literal enforcement of the provisions of said ordinance will not result in unnecessary hardship, as the said premises are available for many other classes

of buildings. That the ordinance, so far as it affects the erection of the proposed building on said premises, does tend to promote the public morals, health, safety and welfare."

Now, we find nothing in the record before us to justify us in disturbing that determination. So far as the record shows, the prosecutors offered no evidence whatsoever having a tendency to show that the finding of the board of adjustment was wrong; and neither does anything in the stipulation as to facts overcome the presumption that the board's action was right.

The writ will be dismissed, but without costs.