## Kiddy's Appeal.

Argued September 26, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Samuel Kaufman,* with him *S. Leo. Ruslander,* for appellant, cited : Gilfillan's Permit, 291 Pa. 358.

*Thomas M. Benner,* First Assistant City Solicitor, with him *H. Stewart Dunn,* Assistant City Solicitor, and *Chas. A. Waldschmidt,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 26, 1928:

This is an appeal by a landowner from an order of the court below dismissing an appeal from the decision of the Board of Adjustment under the zoning ordinance of the City of Pittsburgh.

The question at issue is whether appellant can use a garage on the rear of his property for the storage of cement and builder's material in view of the provisions of the ordinance. The property is in what is termed a commercial district. In such districts the ordinance stipulates that the use of property for "contractor's plant and storage therefor, except during the course of building construction" is prohibited. Appellant contends that what he does on the property is not within the terms of the ordinance, that the building is not used for a contractor's plant and storage therefor. He points to the definition of the word "plant" in the Standard Dictionary "as a set of machines, tools, etc., necessary to conduct a mechanical business." We, however, have defined the word "plant" as "property owned or used in

carrying on some trade or business": Todd v. Gernert, 223 Pa. 103; Schively v. Radell, 227 Pa. 434, 442. Our reading of the evidence satisfies us, as it did the court below, that the storage use which plaintiff makes of the garage violates the enactment. Appellant further claims that he has used the property for the purpose of storing cement and building materials since a time prior to the adoption of the zoning ordinance, which contains a provision "The lawful use of land existing at the time of the adoption of this ordinance, although such use does not conform to the provisions thereof, may be continued, but, if such nonconforming use is discontinued, any future use of said land shall be in conformity with the provisions of this ordinance."

The ordinance was approved August 9, 1923. Appellant acquired title to the premises November 30, 1925. The prior owner was his father-in-law, who obtained title previous to the date of the ordinance, on July 20, 1923. What appellant seeks to do, in the language of the court below, is to tack his use of the premises upon that of his father-in-law. In this connection, it was made to appear by appellant that cement and building material had been dumped on the property before the passage of the ordinance and had been covered by a tarpaulin. This was apparently the only use made of the property during the father-in-law's ownership that in any way relates to the ordinance and it was manifestly casual. The garage was not erected until November, 1924, after the ordinance was in effect. In view of the findings of the court below, supported as they are by competent evidence, we think appellant has not borught himself outside the terms of the ordinance as to the business that he carried on, or within its terms as to the continuance thereof. The case is readily distinguishable from Gilfillan's Permit, 291 Pa. 358. There the business had been established at its existing location long before the zoning ordinance was passed and was

actively conducted in existing structures at the time it went into effect.

The order of the court below is affirmed at appellant's cost.