THE NORTH AMERICAN BUILDING AND LOAN ASSOCIA-
TION, PROSECUTOR, v. BOARD OF ADJUSTMENT OF
THE CITY OF NEW BRUNSWICK, JOHN F. LYNCH,
BUILDING INSPECTOR, AND THE BOARD OF COMMIS-
SIONERS OF THE CITY OF NEW BRUNSWICK, RE-
SPONDENTS.

Submitted May 17, 1936—Decided September 10, 1936.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Edmund A. Hayes* (*John T. Keefe*, of counsel).

For the respondents, *Thomas H. Hagerty* (*William F. McCloskey*, of counsel).

LLOYD, J. The writ was issued to review the action of the board of adjustment in refusing to issue to the building association a certificate of non-conforming use. In 1928 when the zoning statute was passed one Bernhardt was the owner of a large building used in his contracting business for the storage of trucks, sand and gravel. About the same time the building association, prosecutor, took a mortgage on the property and later by foreclosure became the owner. In November, 1934, the building association leased the property to the Kraft Cheese Corporation, which is making the same use of the property that Bernhardt did except that the mer-

chandise is cheese instead of sand and gravel. Formerly the owner kept his trucks and large quantities of sand and gravel in the building, filling the trucks from time to time as his business might require. After the lease, the Kraft Corporation kept the cheese in boxes in and out of trucks in the building and replenished the trucks from time to time as the materials were disposed of.

The city has a zoning ordinance prohibiting such use in this section of the city.

Neither party raising a question on the procedure, and both apparently desiring that we pass on the merits of the case, our conclusion is that the certificate should have been granted. The use of the property was substantially the same at both periods. The only difference being in the materials stored and used and these only in part. In both cases the building was used by the owner for the storage, use and disposal of privately owned equipment and materials. To hold otherwise would be to say that a storage warehouse could not accommodate itself to the storage of materials differing from those existing in 1928 nor could it receive for such purposes new products possibly unknown at the earlier period. This would be a strained extension of the purposes of the legislation.

The action of the board in refusing the application is set aside, and if necessary a *mandamus* may go to compel issuance of the certificate applied for; costs to be paid by respondents.