## WASHINGTON v. CITY OF DALLAS.
### No. 13248.

Court of Civil Appeals of Texas. Dallas.
Jan. 23, 1942.

Rehearing Denied March 6, 1942.

Ivan Irwin and David C. McCord, Jr., both of Dallas, for appellant.

H. P. Kucera, City Atty., and A. J. Thuss, Jon H. Shurette, and R. L. Dillard, Jr., Asst. City Attys., all of Dallas, for appellee.

YOUNG, Justice.

This appeal is from an order of temporary injunction, whereby appellant was restrained from an alleged violation of appellee's zoning ordinance, viz: The operation of a cafe or restaurant business in a residence district. City of Dallas was petitioner in the trial court, the main defense to the suit being that Washington and his predecessors in title had possessed a nonconforming use of the premises since

1926 (prior to the enactment of comprehensive zoning in 1929). In answer, the City plead that defendant had theretofore made two applications to the City Building Inspector for permits to operate a cafe, in each case basing his right on a nonconforming use, long continued, but that such City official had successively refused permits; that defendant had appealed to the Board of Adjustment on the ground of nonconforming use, where his appeal was denied; that defendant did not directly appeal from the adverse action of said Board of Adjustment, as provided by statute, Art. 1011g, Vernon's Ann.Civ.St., with the result that said Board's adjudication became final, and not subject to collateral attack in these proceedings.

Appellant Washington acquired the cafe some time in 1940, the location being admittedly in an area zoned for residences and where conduct of a restaurant was prohibited; hence, appellant's claim is wholly dependent upon Section 9 of zoning ordinance No. 2052, in part reading: "(1) Any use of property existing at the time of the passage of this ordinance that does not conform to the regulations prescribed in the preceding sections of this ordinance shall be deemed a nonconforming use. (2) A nonconforming use may be continued subject to such regulations as to the maintenance of premises and conditions of operation as may in the judgment of the Board of Adjustment be reasonably required for the protection of adjacent property."

Briefly reviewed, the evidence discloses that in October, 1940, appellant was notified by the City Building Inspector to submit evidence of his right to operate a cafe in a dwelling district. Washington's response was to make application for a permit to so operate the premises, which the Inspector refused. Defendant appealed from this action to the Board of Adjustment, stating, among other grounds, that the place had been used since "March 1937 as a store and for the retail sale of beer." The Board, after a hearing, denied relief. Thereupon, defendant applied to the City Council for a change of zoning restrictions from dwelling to local retail, which was referred, perforce of the statute Art. 1011f, Vernon's Ann.Civ.St., to the City Plan Commission. A hearing followed and upon an adverse report of the Board, a change in zoning was denied by the City Council. However, Washington continued in busi-

ness, and in May, 1941, he was notified by the Building Inspector to cease operation of the cafe. This order was again appealed by defendant to the Board of Adjustment, setting up in support thereof, that: "Applicant has a nonconforming use of premises—it has been operated since 1926 as a cafe. There are other businesses in the neighborhood." A second hearing before the Adjustment Board in June, 1941, was unfavorable to defendant, thus again sustaining the action of appellee's Building Inspector.

Appellant's principal contention is that his right to a nonconforming use was not involved in these transactions with City Boards and officials; and no waiver or forfeiture resulted by failing to appeal from such municipal decisions or orders to a court of record, within ten days, as provided by Art. 1011g, Vernon's Ann.Civ.St.; the particular errors presented here being (1) Refusal of the trial court to hear his evidence of nonconforming use prior to passage of all zoning laws; (2) error in excluding a judgment of the Dallas County Court rendered in July, 1941, which approved his permit to sell beer on the premises and found the existence of a nonconforming use; (3) challenging the power of the Board of Adjustment to deprive him of aforesaid vested right.

Enforcement of zoning by express terms of the ordinance, § 17, devolves upon the City Building Inspector, and by statute, Art. 1011g, the Board of Adjustment is empowered, among other things, "To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this Act * * * or of any ordinance adopted pursuant thereto."

■■■ Despite defendant's claim that the business use by himself and predecessors antedated zoning, the Building Inspector, as sole enforcement official, was fully authorized to require proof of such status. This he did by notice to Washington; the matter of whether a commercial use had been made of the property known as 2631 Dathe Street since 1926, being wholly a question of fact. At the instance of defendant, the rulings of the Inspector were referred to the Board of Adjustment, thus fairly investing that appellate agency with jurisdiction to determine the issue. A claim to a nonconforming use under zoning

ordinances is uniformly determinable by appeal to a Board of Adjustment from an order of the Building Inspector (or similar administrative official), and then by certiorari to the courts. Appeal of Kiddy, 294 Pa. 209, 143 A. 909; In re Gilfillan's Permit, 291 Pa. 358, 140 A. 136; Horan v. Koehler, 258 App.Div. 729, 14 N.Y.S.2d 875, affirmed 282 N.Y. 573, 24 N.E.2d 989; North American Bldg. & Loan v. Board of Adjustment, 117 N.J.L. 63, 186 A. 727; Central Trust Co. v. City of Cincinnati, 62 Ohio App. 139, 23 N.E.2d 450; Kelley v. Board of Zoning Appeals of New Haven, 126 Conn. 648, 13 A.2d 675. Appellant could have directly sought relief in the district court from adverse rulings of this Board of Appeals, Art. 1011g, Vernon's Ann.Civ.Sts., but this he failed to do. It would follow, we think, that the judgment of appellee's Board, being in its nature semijudicial, is not subject to collateral attack.

It is well settled in states where the question has arisen, that boards of adjustment, when functioning within their jurisdiction pursuant to statutes, comparable to Arts. 1011a–1011j, Vernon's Ann. Civ.St., act as quasijudicial bodies. State v. Roberson, 198 N.C. 70, 150 S.E. 674; Provo City v. Claudin, 91 Utah, 60, 63 P. 2d 570; In re McInerney, 47 Wyo. 258, 34 P.2d 35; Bellofatto v. Board of Adjustment, 141 A. 781, 5 N.J.Misc. 512; Anderson v. Jester, 206 Iowa 452, 221 N. W. 354; People v. Leo, 120 Misc. 355, 198 N.Y.S. 397; Coleman v. Board of Appeal, etc., 281 Mass. 112, 183 N.E. 166; Glencoe Lime & Cement Co. v. City of St. Louis, 341 Mo. 689, 108 S.W.2d 143; Parke Ridge Fuel & Material Co. v. City of Parke Ridge, 335 Ill. 509, 167 N.E. 119.

While our own courts have not ruled upon the status of such a municipal board, the judgments of similar bodies, or officers, have been held quasijudicial and immune to collateral attack; Druesdow v. Baker, Tex.Com.App., 229 S.W. 493; Simkins v. City of Corsicana, Tex.Civ. App., 86 S.W.2d 792 (tax boards); Texas Steel Co. v. Fort Worth & D. C. Ry. Co., 120 Tex. 597, 40 S.W.2d 78 (Railroad Commission); Glenn v. Dallas County Bois d'Arc Island Levee District, 114 Tex. 325, 268 S.W. 452 (appraisement board); Freeman on Judgments, 5th Ed., Vol. 1, p. 855. Appellant not having pursued his statutory remedy, the Board order in question became final and the court did not err in excluding testimony in support of the reasserted claim. Likewise, the county court's finding of nonconforming use, in connection with its approval of defendant's beer permit, was valueless as res adjudicata. The issue had already been adjudicated by a lawful agency; and nowhere in the administration of our Liquor Control Act, Art. 667—6 Vernon's Ann.P. C., is the county judge given any jurisdiction over matters of municipal zoning.

The judgment appealed from is in all respects affirmed.