Ashline, Appellant, *v.* Bristol Township
Zoning Board of Adjustment.

246

Argued April 19, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Robert K. Baker,* for appellants.

*George T. Kelton,* with him *William J. Carlin,* and *Begley, Carlin, Mandio, Kelton & Popkin,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1962:

This is an appeal from an order of the court below affirming a decision of a township zoning board of adjustment, which denied a special exception for the extension of an alleged nonconforming use.

The land involved, consisting of eleven lots, is zoned R-1 Residential. Appellants seek the right to conduct thereon an automobile salvage business, popularly known as an "automobile graveyard." This would in--

clude the storage and dismantling of junked automobiles.

It is contended that at the time of the passage of the zoning ordinance on November 28, 1952, and for some time prior thereto, a portion of the land had been used for similar purposes. The court below, which heard the case de novo, found that the use of the property in this respect was only "casual and incidental," and so minor that it was not sufficient to constitute a "nonconforming use." A reading of the record readily manifests the correctness of this conclusion.

Our review, under the circumstances, is limited to the question of whether or not the court below committed a manifest abuse of discretion or an error of law: *Volpe Appeal*, 384 Pa. 374, 121 A. 2d 97 (1956); *Upper St. Clair Twp. Grange Zoning Case*, 397 Pa. 67, 152 A. 2d 768 (1959).

**The** appellants purchased the property in June 1958. Without a permit, they immediately proceeded to use a major portion thereof for an automobile salvage business. The township officials promptly notified them to cease and desist. Appellants' predecessor in title admittedly made no use of the premises. However, a stranger to the title, who operated an automobile salvage business across the street, did on occasions use a small portion thereof for the "overflow" from his own business. This was apparently done with the passive consent and acquiescence of the then owner. However, this use was clearly casual and incidental to the business carried on upon the other property. The use, in most part, consisted of the storage of a few used automobiles during periods when the real business property site was crowded. The existence of trees and tree stumps upon the property involved herein rendered anything more impractical.

An accessory use cannot be the basis for the establishment of a nonconforming principal use: *Stokes v.*

*Zoning Board of Adjustment,* 402 Pa. 508, 167 A. 2d 316 (1961). Nor will the manifestly casual use of a property by the owner thereof, inconsistent with the terms of the ordinance and prior to the effective date thereof, commit the premises to a nonconforming use status: *Kiddy's Appeal,* 294 Pa. 209, 143 Atl. 909 (1928).

Since the evidence fully sustains the lower court's factual conclusions, it is unnecessary for us to decide whether or not a nonconforming use may be *created* by a gratuitous licensee.

Order affirmed.