## Commonwealth v. Cossell (No. 1)

*Andrew L. Weil*, for plaintiff.
· *Murray Horewitz* and *Thomas Bowlen,* for defendants.

ADAMS, *J.*, April 21, 1980—The Commonwealth of Pennsylvania and the County of Fayette filed separate actions to enjoin defendants from using a tract of land situate along Route 119 in the County of Fayette for the storage and dismantling of wrecked automobiles.

After hearing, the legal issue of whether a nonconforming use can be established by one who is a trespasser to the property was certified to be heard before the court en banc.

The court en banc finds that the title of the user is of no consequence. It is the use itself which controls; therefore, the nonconforming use can be established by a trespasser.

## DISCUSSION

On the issue of whether a nonconforming use may be created by a trespasser, the court found no

appellate cases specifically on point. However, the Pennsylvania Supreme Court has held that the right to a nonconforming use runs with the land independently of the type of ownership or possession being exercised. Viewed in that context the fact that a nonconforming user is a trespasser would be immaterial under current Pennsylvania law; rather, it is the events transpiring upon the land itself which is determinative.

The rationale behind the allowance of nonconforming uses is the protection of rights to use the land for a particular purpose which became vested prior to the initiation of zoning or subsequent legislative enactment. The leading case of Hanna v. Board of Adjustment, 408 Pa. 306, 312, 183 A. 2d 539 (1962), states:

"The continuance of nonconforming uses under zoning ordinances is countenanced because it avoids the imposition of a hardship upon the property owner and because the refusal of the continuance of a nonconforming use would be of doubtful constitutionality. Even though zoning ordinances permit the continuance of nonconforming uses, it is the policy of the law to closely restrict such nonconforming uses and to strictly construe provisions in zoning ordinances which provide for the continuance of nonconforming uses. Nonconforming uses, inconsistent with a basic purpose of zoning, represent conditions which should be reduced to conformity as speedily as is compatible with the law and the Constitution."

Though zoning ordinances which permit nonconforming uses are to be strictly construed, our Supreme Court has also held that a nonconforming use runs with the land, not the ownership: Eitnier v. Kreitz Corp., 404 Pa. 406, 172 A. 2d 320 (1961). In

Eitnier the original nonconforming user was a gratuitous licensee. The owner of the property subsequent to the passage of the zoning ordinance leased the land to another individual who was desirous of utilizing the extant nonconforming use.

The Supreme Court held, at p. 412, as follows:

"The fact that the nonconforming use was carried on by a tenant and that it is now contemplated to lease the land to a new tenant is not controlling. *The right to continue the nonconforming use, once established and not abandoned, runs with the land and this right is not confined to any one individual or corporation. A vested right, unless abandoned, to continue the nonconforming use is in the land.*

"Finally, the argument that the period during which the actual user carrying on the nonconforming use was a mere licensee without pecuniary gain to the landowner should not be considered is without merit. This contention would apply with equal force to the situation wherein a tenant defaulted in the payment of the rent. Certainly, the preservation of the property right is not predicated upon the owner thereof employing the right in a manner calculated to a continuing pecuniary return." (Emphasis supplied.)

Hanna, decided after the decision in Eitnier, recognizes its rule, at p. 313: "The use of the property which the ordinance protects, or 'freezes', is the use which was in existence at the time of the passage of the ordinance or the change of a use district." Again, the critical question is the type of use on the property and not the type of possession.

Fayette County argues that a valid nonconforming use is one "lawfully" in existence prior to the enactment of such ordinance: Pennsylvania

Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10107(13.1). It is plaintiff's contention that use of the premises by a trespasser would be "unlawful." This argument is meritless for "lawful" modifies "use." Implicitly, it asks the question—was the use of the property at the time of the enactment of the zoning ordinance permissible? It is unconcerned with who exercised that use.

The right to continue a nonconforming use once established runs with the land. Past authority has not addressed questions pertaining to the quality of the property's ownership. Cf. Ashline v. Bristol Township Zoning Board, 408 Pa. 245, 182 A. 2d 531 (1962). On this point the only express requirement is that the use of the land at the time of the zoning ordinance's enactment must be a permissible use. It would be unwarranted and inappropriate without appellate authority to extend the trial court's inquiries into determining as a matter of law the status of the occupier of the land. It is of no consequence then that in the instant case the nonconforming use may have originated or continued with a trespasser. The trial court's concern is only with the substantive questions this action raises, i.e., was the use of the land permissible at the time of the enactment of the zoning ordinance, and was the use more than just a casual or accessory use of the tract?

Accordingly, the court enters the following

### ORDER

And now, April 21, 1980, it is hereby ordered, adjudged and decreed that the right of a nonconforming use runs independently of the type of ownership or possession under which the use was estab-

lished whether it be by a trespasser or otherwise. Therefore, the hearing judge shall enter his decision based on his findings of facts as to the existence or nonexistence of a nonconforming use in a manner consistent with this opinion.