Freeman Z. Krum and Christopher J. Krum, Appellants *v.* The Montour County Zoning Hearing Board, Appellee.

Submitted on briefs September 15, 1982, to Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Thomas Arthur James, Jr.*, for appellants.

*Michael D. Wintersteen*, for appellees.

OPINION BY JUDGE ROGERS, November 18, 1982:

Freeman Z. Krum and his adult son Christopher here appeal from an order of the Court of Common Pleas of Montour County affirming a decision of that county's Zoning Hearing Board refusing the petitioners' application for a certificate of nonconformance.

The issue before the Zoning Hearing Board was whether the Krums' predecessor in title had used the three acre property in suit as a "junkyard or solid waste collection center" before the adoption in Octo-

ber, 1972 of the county's zoning ordinance. Evidence pertinent to this issue was adduced at a hearing conducted by the Board on July 10, 1980. Briefly, Freeman Krum and a Mr. Robert Wilson Confer testified that junk, primarily scrap metals, discarded appliances, and abandoned autos, had been collected and stored on the property beginning in the early 1940's. Mr. Krum, Sr. further testified that his predecessor in title continuously between that period and the enactment of the zoning ordinance conducted a commercial enterprise on the property in which such junk and scrap were purchased and resold.

An historic account in diametric opposition to that of Mr. Krum, Sr. was given by Harold M. Shultz, and John Fetteroff, two longtime residents of the township. Each testified that he had viewed the property on a daily basis throughout the preceding thirty or more years and that, although some articles of personal property may have been there stored out-of-doors, at no time prior to the enactment of the ordinance was the property used as a junkyard or anything similar. Mr. Shultz testified as follows:

Q: I believe that you also testified that you have been a bus driver for 35 years and drove past this property?

A: Twice a day.

Q: So it was twice a day for 35 years?

A: Yes.

. . . .

Q: . . . Could you describe the property when Boyd Krum [the former owner and Freeman Krum's uncle] had control of it?

A: Yes, I knew Boyd for 40 years or more. He used to work on the railroad. On occaion [sic], I would take him home, borrow tools from him such as jacks or something that he had stored there along the railroad. He always kept

that place nice. The canal was mowed, down over the river bank.

Q: Did he have junk accumulated?

A: No. All I ever saw there was one or two old automobiles on the tow path that quit running, but he didn't dispose of them. He just left [sic] them sit.

Q: The tools you bought, they were not junk tools?

A: No, I did not buy them. They were railroad tools. I just borrowed them.

Q: Did you walk around the Boyd Krum property many times.

A: Yes.

Q: Was there ever a junk yard on that site?

A: No, not that I remember ever.

Q: A dump or any type of collection site or anything at all?

A: No.

The testimony of Mr. Fetteroff was to the same effect.

As we have indicated, at the close of the hearing, the Board determined that the petitioners' application for a certificate of nonconformance had been properly denied. In a written decision, the Board found *inter alia*

9. At the time of the adoption of the [Montour County Zoning] Ordinance and its effective date, the concerned tract of land was not used for junk yard, solid waste storage and/or collection site purposes.

Where, as in this case, the trial court has taken no additional evidence, review by this Court is directed toward the decision of the zoning hearing board and is limited to a determination of whether the Board abused its discretion or committed an error of law, and whether each necessary finding of fact is supported by

substantial evidence. *Township of Haverford v. Zoning Hearing Board of Haverford Township,* 55 Pa. Commonwealth Ct. 209, 423 A.2d 757 (1980). We may not, as the petitioners suggest, overturn the decision of the Board as "against the weight of the evidence" even if such an assessment of the state of the testimony before the Board were, as it is not, accurate. The evidence of record, including that which we have described above, lends abundant support to the Board's factual findings. The burden was on the petitioners to establish the prior nonconforming use. *Little v. Abington Township Zoning Hearing Board,* 24 Pa. Commonwealth Ct. 490, 357 A.2d 266 (1976). It was not error for the Board to conclude that this burden had not been met.

The petitioners' other contention is that the Board committed an error of law by failing to conclude, on the basis of uncontradicted testimony that certain railroad tools and two nonfunctioning automobiles had been stored on the property for years; that a junkyard or solid waste collection center use existed on the premises before the zoning ordinance was adopted. On this issue the case is controlled by *Ashline v. Bristol Township Board of Adjustment,* 408 Pa. 245, 182 A.2d 531 (1972) and *Kiddy's Appeal,* 294 Pa. 209, 143 A. 909 (1928) where, on facts remarkably similar to those contained in the well-supported findings of the Board here subject to review, the Supreme Court held that a manifestly casual and incidental use of property for outdoor storage is not sufficient to create a prior nonconforming commercial storage or junkyard use.

Order affirmed.

### ORDER

AND Now, this 18th day of November, 1982, the order of the Court of Common Pleas of Montour County in the above-captioned matter is hereby affirmed.