630 A.2d 492

**GREENE TOWNES FINANCIAL CORP., Appellant,**

**v.**

**ZONING HEARING BOARD OF LOWER MERION TOWNSHIP and Board of Commissioners of Lower Merion Township.**

Commonwealth Court of Pennsylvania.

Argued May 10, 1993.

Decided Aug. 3, 1993.

Daniel S. Coval, Jr., for appellant.

Steven T. O'Neill, for respondent.

Before DOYLE and PELLEGRINI, Judges, and KELTON, Senior Judge.

KELTON, Senior Judge.

Greene Townes Financial Corporation (Applicant) appeals the September 28, 1992 order of the Honorable S. Gerald Corso of the Court of Common Pleas of Montgomery County (trial court), which affirmed the December 13, 1990 decision of the Lower Merion Township Zoning Hearing Board (Board), denying Applicant's request for a setback variance to build a single-family dwelling. We affirm the order of the trial court denying the variance.

The issue on appeal is whether the Board erred in denying Applicant's request for a variance (1) where unique features of the property allegedly render construction of a single-family dwelling impossible and (2) where Applicant allegedly relied on the Lower Merion Township Board of Commissioners' (the Township Commissioners') approval of a subdivision plan depicting an incorrect flood plain line for the property.

■ Where, as here, the trial court took no additional evidence, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Appeal of Hoover,* 147 Pa.Commonwealth Ct. 475, 608 A.2d 607 (1992).

The property subject to this appeal is an unimproved rear lot of a six-lot subdivision located in Bryn Mawr, Lower Merion Township. The subdivision plan, approved by the Township on September 11, 1986, depicts a "calculated" flood plain line, which is different from the 288–foot contour flood plain line previously established by the Board for the premises in 1979. Under the approved subdivision plan, the required fifty-foot front yard of the lot faces north. Upon approval of the plan by the Township Commissioners, Applicant purchased the property.

By letter of June 3, 1988, the Township Zoning officer notified Applicant of the discrepancy between the flood plain line contained in the subdivision plan and the correct line previously established by the Board. As a result, the Township Commissioners advised Applicant that Board approval would be required prior to the issuance of a building permit for the construction of a house on the lot.

Prior to December, 1988, Applicant surveyed the lot in order to determine the location of wetlands. According to Applicant, the wetlands on the premises are coextensive with the 288-foot contour flood plain line.

Thereafter, Applicant requested a variance to permit the construction of a house intruding twenty-five feet into the required fifty-foot front yard setback, alleging that the setback requirements, the 288-foot flood plain line, and the wetlands restrictions create an unnecessary or practical hardship making the construction of a single-family home in conformity with the zoning ordinance impossible. In the alternative, Applicant requested a variance by estoppel due to the fact that Applicant purchased the subject property in reliance on the Township Commissioners' approval of the subdivision plan which depicted an incorrect flood plain line.[1]

The Board held that the testimony of Applicant's neighbor, Terry Halpern (Mr. Halpern), directly contradicted Applicant's claim that the lot could not possibly be developed in conformity with the zoning ordinance. Mr. Halpern testified that Applicant's president, in an attempt to gain Mr. Halpern's cooperation, presented a December 14, 1988 plan to him which depicted a single-family home within the building envelope of the lot as zoned. (See Protestant Ex. P-1, a portion of which is attached.) Mr. Halpern testified that Applicant's president stated: "This is a house we can build there now. We would prefer to build a different house there in a much larger size." (R.R. at 78a.)

---

1. Applicant also requested that the Board redesignate the front, side, and rear yard locations, which the Board denied. Applicant did not raise this issue on appeal to this Court.

The Board also held that Applicant misapplied the variance by estoppel doctrine to the facts of this case. According to the Board, the most significant defect in Applicant's estoppel argument is that Applicant had no justified right to rely on the flood plain line approved by the Township Commissioners because the Board alone has the power to designate flood plain lines.

The trial court affirmed the Board's denial of the variance. Thus, Applicant appeals to this Court.

■   Section 910.2 of the Pennsylvania Municipalities Planning Code [2] provides that the Board may grant a variance due to unnecessary hardship where the following relevant findings are made:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

**2.**   Act of July 31, 1968, P.L. 805, *as amended,* added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.   The Lower Merion Township zoning ordinance contains similar criteria for the grant of a variance.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

■ To prove an unnecessary hardship warranting the grant of a variance, the applicant must demonstrate that physical characteristics of the property make use of the property for a permitted purpose impossible or possible only at a prohibitive expense. *Whitpain Township Board of Supervisors v. Whitpain Township Zoning Hearing Board,* 121 Pa.Commonwealth Ct. 418, 550 A.2d 1355 (1988), *petition for allowance of appeal denied,* 525 Pa. 639, 578 A.2d 932 (1990).

We find no error in the Board's holding that Applicant failed to establish the impossibility of using the property for a permitted purpose. The Board accepted the testimony of Applicant's neighbor which refuted Applicant's claim that the property could not be developed in strict conformity with the zoning requirements. Reviewing the plan in question, we acknowledge that a house built on this lot in conformity with the zoning restrictions would be very narrow in one section, however, as we have previously determined, yard restrictions do not create an unnecessary hardship unless the construction of a residence is rendered impossible. *John R. Greene Associates v. Zoning Hearing Board of Lower Allen Township,* 56 Pa.Commonwealth Ct. 605, 426 A.2d 175 (1981).

We distinguish our case from those relied upon by Applicant. Applicant cites *Borough of Emmaus v. Schuler,* 48 Pa.Commonwealth Ct. 100, 409 A.2d 444 (1979); *Stefonick v. Zoning Hearing Board of Lansdale,* 47 Pa.Commonwealth Ct. 580, 409 A.2d 463 (1979). In each of those cases, we approved variance grants where a strict application of the building setbacks would require an entire house to be unreasonably narrow. In *Emmaus,* a conforming building would have been 16 feet wide. In *Stefonick,* it would have been 10.75 feet wide. In our case, however, a strict application of the yard requirements would result in a very narrow width in only a minor

*portion* of the house.[3]

▮ Although unique physical circumstances affect the development of the subject lot, based on the neighbor's testimony, we agree with the Board's determination that the only hardship suffered by Applicant was economic. Economic loss alone does not constitute unnecessary hardship. *Hasage v. Zoning Board of Adjustment of Philadelphia,* 415 Pa. 31, 202 A.2d 61 (1964).

▮ We hold that the Board properly rejected Applicant's claim of "practical hardship" under *Moyerman v. Glanzberg,* 391 Pa. 387, 138 A.2d 681 (1958). In *Moyerman,* the Supreme Court granted a setback variance to a property owner who had unintentionally constructed a house which encroached upon an easement for a driveway, owned by a neighboring property owner, thus violating a local zoning ordinance requiring a minimum side yard of ten feet. Unlike the case at bar, the Supreme Court in *Moyerman* was confronted with the practical problem that enforcement of the ordinance would require the removal of an entire building. In reaching its decision, the Supreme Court emphasized that the requested deviation from the ordinance was minimal because the functional equivalent of the side-yard requirement remained. In the case at bar, we agree with the Board that a twenty-five foot intrusion into a fifty-foot setback requirement is hardly *de minimis* in nature.

▮ With respect to Applicant's estoppel argument, the relevant factors to consider include:

3.  Protestant Ex. P–1 (portion attached), which Applicant presented to Mr. Halpern, depicted a proposed dwelling conforming to the required setback line and above the 100 year flood plain line. The dwelling, as shown, would contain the following *approximate* dimensions: 60 feet along the North side (front), 24 feet along the East side, and 17 feet along the West side. The South (rear) length would be approximately 60 feet as shown with segments of 33 feet plus 13 feet plus 14 feet more or less. According to our calculations, the proposed dwelling would contain about 2,300 square feet on the first floor level.

    (Note: The hand drawn cross hatching on the proposed dwelling was inserted by a witness at the hearing *after* Applicant presented the plan to Halpern. R.R. 104a–106a).

(1) whether the municipality, in conjunction with some form of active acquiescence in the illegal use, has failed to enforce the law;

(2) whether the landowner has relied in good faith on the validity of the use;

(3) whether the landowner has made substantial expenditures in reliance upon his belief that the use is permitted;

(4) whether the denial of the variance would cause unnecessary hardship;

(5) whether the use is a threat to the public interest. *Crawford's Appeal*, 110 Pa.Commonwealth Ct. 51, 531 A.2d 865 (1987).

■ We agree with the Board that Applicant is not entitled to a variance by estoppel. As previously discussed, Applicant has failed to demonstrate that unnecessary hardship will result from strict application of the zoning ordinance. Additionally, Applicant has failed to demonstrate good-faith reliance on the Township Commissioners' erroneous approval of the incorrect flood plain line. Applicant acknowledges that the wetlands restrictions on the premises are coextensive with the 288–foot contour flood plain line and Applicant worked closely with the prior owner's engineer in developing the approved subdivision plan and, therefore, contributed to the error in the plan approved by the Township Commissioners.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 3rd day of August, 1993, the order of the Court of Common Pleas of Montgomery County, dated September 28, 1992 is hereby affirmed.